## In re ALYSHA and Dawn M.

### No. 94–137–Appeal.

Supreme Court of Rhode Island.

Oct. 14, 1994.

Anthony Angeli, Jr., Frank P. Iacono, Jr. Catherine Gibran.

### ORDER

This matter came before the court pursuant to an order directing all parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. In this case the respondent/mother has appealed from a Family Court decision terminating her parental rights to her children Alysha (d.o.b. 6/23/90) and Dawn (d.o.b. 7/13/91). After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, the court concludes that cause has not been shown.

The respondent raises two issues on appeal. In the first issue she contends that the trial justice erred in finding that the children's integration into her home was improb-

able due to conduct not likely to change. The mother argues that she has made considerable progress recently in remedying the conditions that had previously existed. While it was established that the mother had made efforts to improve her situation, it is apparent and she concedes that she is still not able to care for her children, one of whom has serious emotional problems. The children have been in foster care since the older child was three months old and the younger child for her entire life. They are at this time in a preadoption situation in which both children would be adopted into the same family.

In the second issue raised, respondent contends that the trial justice erroneously found that the Department of Children, Youth and Families had made reasonable efforts to reunify her with her children.

The trial justice's conclusion that the conditions that prevent reunification are not likely to change in the foreseeable future are adequately supported by the evidence. A trial justice's findings of fact will not be disturbed unless they are clearly wrong or unless the justice overlooked or misconceived material evidence. *In re Kristina L.*, 520 A.2d 574, 580 (R.I.1987); *In re Kenneth*, 439 A.2d 1366, 1369 (R.I.1982). This record as a whole clearly indicates that the respondent has been unfit for the obligations of parenthood and that this condition is unlikely to change.

For these reasons the appeal is denied and dismissed, the decision from the Family Court appealed from is affirmed and the papers of the case are remanded to the Family Court.